VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-006

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

| | |
|---|---|
| Vermont Department of Taxes v. Jason Okie* | } APPEALED FROM:<br>}<br>} Superior Court, Windsor Unit, Civil Division<br>} CASE NO. 24-CV-00743<br>Trial Judge: H. Dickson Corbett |

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from the trial court's decision granting judgment to the Vermont Department of Taxes in this collection action.  We affirm.

The tax department filed a collection action against defendant, seeking to collect on an assessment for unpaid Vermont income tax.  Defendant asserted that he did not receive notice of the assessment.  Following a bench trial, the court found that defendant had received notice of the assessment in February 2021 and that the assessment had become final due to defendant's failure to file a timely appeal.  See 32 V.S.A. § 5883 (requiring taxpayer to appeal assessment to Tax Commissioner within sixty days of its issuance); see also id. § 5887 (stating that appeal is exclusive remedy and failure to appeal renders determination final).  The court further found that defendant received the collection notice.  The court rejected as not credible defendant's assertion that he did not receive the tax assessment sent to him at his Vermont address and his contention that he could not recall if he received the collection notice.  The court found that defendant had lived at his Vermont address since 2014 and was living there when the tax department mailed notices to him at that address.  Defendant agreed that the assessment and collection notices were addressed correctly and that he had received other correspondence at this address from the tax department.  Given its finding that the assessment had become final, the court granted judgment to the tax department in the collection action.  This appeal followed.

On review of the court's decision following a bench trial, we will uphold the court's findings unless "there is no credible evidence to support [them]."  Hirchak v. Hirchak, 2024 VT 81, ¶ 15 (quotation omitted).  "Where the trial court has applied the proper legal standard, we will uphold its conclusions of law if reasonably supported by its findings."  Id. (quotation omitted).  We leave it to the trial court "to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."  Cabot v. Cabot, 166 Vt. 485, 497 (1997).

Defendant first argues on appeal that he did not receive the assessment in 2021 and that the trial court failed to consider the evidence presented.  These arguments challenge the court's

assessment of the weight of the evidence and the credibility of witnesses, matters that we do not revisit on appeal. See id. Defendant also challenges the merits of the underlying tax assessment, arguing that he did not owe Vermont taxes and that he did not receive sufficient notice as to the basis for the assessment. These issues are not before us because the assessment became final in 2021 after the appeal period expired. Defendant next complains that the court did not address his procedural objections. He does not identify any specific procedural objections that were allegedly ignored, however, and we "will not comb the record searching for error." In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that appellant must show trial court erred warranting reversal); see also V.R.A.P. 28(a)(4) (stating that argument on appeal must contain citations to "parts of the record on which appellant relies"). Finally, we reject as unfounded defendant's suggestion that the court's decision in the Department's favor demonstrates a lack of fairness or impartiality. See, e.g., Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994) (stating that judicial bias cannot be demonstrated based on adverse rulings alone). Defendant fails to demonstrate any error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice